**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1899**

GARY ALAN GLASS,

Plaintiff - Appellant,

v.

ANNE ARUNDEL COUNTY; MARK COLLIER, Individually and in his official capacity as an Anne Arundel County Police Officer,

Defendants - Appellees,

and

CHRISTINE RYDER, Individually and in her official capacity as an Anne Arundel County Police Department Central Records Manager; BRENDA FRASER, Individually and in her official capacity as an Anne Arundel County Police Department Central Records Deputy Manager; JOHN GILMER, Individually and in his official capacity as an Anne Arundel County Police Department Sergeant; JAMES SCOTT DAVIS, Individually and in his official capacity as an Anne Arundel County Police Department Lieutenant; JAMES TEARE, SR., Individually and in his official capacity as an Anne Arundel County Chief of Police; UNKNOWN COUNTY EMPLOYEE X,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:12-cv-01901-JFM)

Submitted:  December 22, 2017                    Decided:  January 11, 2018

Before KING, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cary J. Hansel, HANSEL LAW, PC, Baltimore. Maryland, for Appellant. Nancy McCutchan Duden, County Attorney, Jay H. Creech, Supervising County Attorney, ANNE ARUNDEL COUNTY OFFICE OF LAW, Annapolis, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Alan Glass appeals the district court's judgment orders entered in favor of Anne Arundel County ("the County") and Mark Collier on his Fourth Amendment claim raised pursuant to 42 U.S.C. § 1983 (2012). We affirm the district court's orders.

We review a district court's ruling granting a motion for a judgment as a matter of law "de novo, viewing the evidence in the light most favorable to the party opposing the motion, . . . and drawing all reasonable inferences in its favor." *A Helping Hand, LLC v. Balt. Cty.*, 515 F.3d 356, 365 (4th Cir. 2008). "If, upon the conclusion of a party's case, 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue,' a court may grant a motion from the opposing party for judgment as a matter of law." *Huskey v. Ethicon, Inc.*, 848 F.3d 151, 156 (4th Cir. 2017) (quoting Fed. R. Civ. P. 50(a)), *cert. denied*, 138 S. Ct. 107 (2017). In making this determination, a court "may not make credibility determinations or weigh the evidence," and "it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

Glass claims that Collier lacked reasonable suspicion to conduct a traffic stop.[1] A traffic stop "constitutes a seizure, no matter how brief the detention or how limited its

---

[1] We conclude that Glass' retaliation claim is not properly before this court, as the fairest reading of his complaint is that the retaliation claim was part of his conspiracy claim, which the district court dismissed prior to trial. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."). Glass does not argue that the district court erred in dismissing his conspiracy claim. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. (Continued)

purpose," and "is thus subject to the constitutional imperative that it not be unreasonable under the circumstances." *United States v. Branch*, 537 F.3d 328, 335 (4th Cir. 2008) (internal quotation marks omitted). We evaluate the legality of a traffic stop under the two-pronged inquiry announced in *Terry*.[2] *United States v. Williams*, 808 F.3d 238, 245 (4th Cir. 2015). Under this standard, we ask (1) whether the traffic stop was justified at its inception, and (2) "whether the officer's actions during the seizure were reasonably related in scope to the basis for the traffic stop." *Id.* (internal quotation marks omitted). "[I]f sufficient objective evidence exists to demonstrate reasonable suspicion, a *Terry* stop is justified regardless of a police officer's subjective intent." *Branch*, 537 F.3d at 337.

A traffic violation provides officers with authority "to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop," including "request[ing] a driver's license and vehicle registration, run[ning] a computer check, and issu[ing] a citation." *Id.* at 335 (internal quotation marks omitted). "The maximum acceptable length of a routine traffic stop cannot be stated with mathematical

2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (alterations and internal quotation marks omitted)). To the extent that Glass claims that Collier lacked probable cause to issue a citation, Collier issued only a summons, and a summons alone is insufficient to support a Fourth Amendment seizure claim. *See, e.g.*, *Burg v. Gosselin*, 591 F.3d 95, 98 (2d Cir. 2010); *Martinez v. Carr*, 479 F.3d 1292, 1299 (10th Cir. 2007); *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005).

[2] *Terry v. Ohio*, 392 U.S. 1 (1968).

4

precision. Instead, the appropriate constitutional inquiry is whether the detention lasted longer than was necessary, given its purpose." *Id.* at 336. "[T]he investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time," *United States v. Vaughan*, 700 F.3d 705, 709 (4th Cir. 2012) (internal quotation marks omitted), and "[t]he seizure remains lawful only so long as unrelated inquiries do not measurably extend the duration of the stop." *Rodriguez v. United States*, 135 S. Ct. 1609, 1614-15 (2015) (alterations and internal quotation marks omitted).

We conclude that the district court correctly granted judgment as a matter of law because Collier had reasonable suspicion to believe Glass improperly used his horn. *See* Md. Code Ann., Transp. § 22-401(b) (LexisNexis 2009). Glass testified that he did not sound his horn until he started braking, after Collier had already turned out of the parking lot and entered the road. Thus, even accepting Glass' testimony that he only pressed the horn once, Collier had an objectively reasonable basis to conclude that Glass' use of the horn was not necessary. Moreover, whether or not Glass' use of his horn angered Collier, the stop was objectively reasonable.

We further conclude that Collier did not unreasonably extend the traffic stop. Glass admitted that, after their initial heated discussion about the use of the horn, Collier immediately asked Glass for his driver's license and vehicle registration. Glass does not dispute Collier's testimony that this portion of the stop lasted approximately 8 to 10 minutes. The police record indicates that another 15 minutes passed between Glass' request for a supervisor and the end of the stop. Glass also does not dispute Collier's

5

testimony that he was speaking with his supervisor during this period. Importantly, it was Glass who sought a supervisor's assistance; once he requested assistance, it was reasonable for Collier's supervisor to speak with Collier to discuss the situation. After Collier's conversation with the supervisor, he proceeded to issue a citation for following too closely. All of these actions remain connected to the basis of the traffic stop. And because Glass failed to demonstrate that Collier committed a constitutional violation, the district court properly granted judgment to the County. *Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999).

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*